Phillip R. Oliver
OLIVER LAW FIRM
208 North 29th Street, Suite 228
Billings, MT 59101
Telephone (406) 248-7577
Facsimile (406) 248-9929
poliver@lawmontana.com
Attorney No. 2657
Attorney for Debtors

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF MONTANA

In re                                    )    Case No. 11-62349-13-RBK
                                         )
GERTRUDE A. ELIASON                      )
                                         )
                                         )
_____ Debtor(s). _____           )

## AMENDED CHAPTER 13 PLAN DATED JUNE 3, 2014

1. The future earnings and other income of the debtors are submitted to the supervision and control of the Chapter 13 Standing Trustee as necessary for the execution of this plan, and Debtor has paid to the Trustee payments totaling $14,587.90 over a period of 28 months and shall make 32 payments of $338.00 or until all of the provisions of this Plan have been completed. Plan payments of $338.00 shall begin in June 2014.

2. From the payments so received, the Trustee shall make disbursements as follows:

a. ADMINISTRATIVE CLAIMS. The Trustee shall pay those claims, fees or charges specified in 11 U.S.C. §507(a)(2), including the debtor's attorney fees and costs in such amount as may be allowed by the Court. As of the date of this plan, Debtor's counsel estimates that total attorney fees and costs for representation of Debtor (excluding the fee for filing the Debtor's petition) will be as follows.

| | | |
|---|---|---|
| Estimated total attorney fees: | | $3,500.00* |
| Estimated total costs: | + | $500.00 |
| Total estimated attorney fees and costs: | = | $4,000.00 |
| Less retainer: | - | $1,500.00 |

PAGE 1

TOTAL FEES AND COSTS TO BE PAID THROUGH PLAN:   $2,500.00

\* If this figure differs from the Disclosure of Compensation originally filed by the Debtor's attorney, said Disclosure must be amended simultaneously with the filing of this plan or amended plan, as provided in F.R.B.P.2016(b).

b. <u>IMPAIRED SECURED CLAIMS</u>.  After payments provided for above, the Trustee shall pay allowed secured claims, as determined pursuant to 11 U.S.C. §506(a), together with interest at the rate set forth below from the date of confirmation, on a pro rata basis, as follows:

<u>Name of Creditor</u>    <u>Claim Number</u>    <u>Allowed Secured Claim\*</u>    <u>Rate of Interest</u>

[\*This figure is the lesser of the total amount of the debt owing to the creditor or the value of the collateral securing said debt.]

Secured creditors shall retain their liens as provided by 11 U.S.C. § 1325(a)(5)(B).  In order for any unsecured deficiency to be allowed and paid, a proof of claim must be filed pursuant to Montana's Local Bankruptcy Rules.

c. <u>UNIMPAIRED SECURED CLAIMS</u>.  The following secured creditors, whose claims will be left unimpaired by this plan, are not provided for by this Plan and shall receive no payments through the Trustee except with regard to those arrearages specified below, if any:

<u>Name of Creditor</u>                    <u>Description of Collateral</u>

**Bank of America**                    **Home at 321 5th Ave S**

Concurrently with the payments on impaired secured claims specified above, the following arrearages on unimpaired secured claims, if any, shall be paid through the Trustee on a pro rata basis until the same have been paid in full:

<u>Name of Creditor</u>                    <u>Amount of Arrearage</u>
**Bank of America**                    **$14,144.56**

Upon completion of the Plan, all prepetition arrearages provided for by this Plan shall be deemed current.

**e**. <u>PRIORITY CLAIMS</u>.  After payments provided for above, the Trustee shall pay allowed claims entitled to priority in such order as specified in 11 U.S.C. §507.

PAGE 2

f. <u>GENERAL UNSECURED CLAIMS</u>.  After the payments specified above, the Trustee shall pay dividends, to the extent possible, to allowed unsecured, nonpriority claims on a pro rata basis.

g. <u>LIQUIDATION ANALYSIS</u>.  The total amount distributed under paragraphs 2(e) and (f) above will be at least $ 0.00, which exceeds what would be available to pay unsecured claims if the Debtor's estate was liquidated under Chapter 7 of the Bankruptcy Code.  A discharge will not be entered by the Court until said sum has been distributed, or until all allowed unsecured claims have been paid in full, whichever is less.

3. <u>REJECTION OF CONTRACTS OR LEASES</u>.   The Debtors rejects the following executory contracts and unexpired leases, and shall surrender property to such contracts or leases.

| <u>Type of Agreement</u> | <u>Date of Agreement</u> | <u>Other Party to Contract</u> |
|---|---|---|
| NONE | | |

4. <u>SURRENDER OF PROPERTY.</u>  The Debtors surrenders any and all interest in the following described collateral to the stated secured creditor in full satisfaction of the creditor's allowed secured claim.  In order for any unsecured deficiency to be allowed and paid under this Plan, a proof of claim must be filed pursuant to Montana's Local Bankruptcy Rules.

| <u>Secured Creditor</u> | <u>Description of Collateral</u> |
|---|---|
| NONE | |

5. <u>POSTPETITION SECURED DEBT</u>:  The Debtors reserves the right to incur post-petition secured debts, upon prior written approval of the Trustee, for items necessary to Debtor's performance under this Plan.

6. <u>REPORT OF CHANGES IN INCOME</u>:  The Debtors shall commit all projected disposable income to the Plan for the applicable commitment period and shall immediately report any changes in income in excess of $300 per month to the Trustee.

7. <u>OTHER PROVISIONS</u>:

8. <u>DECLARATIONS</u>:  Under penalty of perjury, Debtors affirms that all federal and state income, employment and other tax returns due as of the date of this plan have been filed with the appropriate agency, and that all postpetition payments due on all domestic support obligations have been paid through the date of the Plan.

9. <u>EFFECTS OF CONFIRMATION</u>:  Upon confirmation of this Plan, all issues that have been or could have been decided involving any creditors are *res judicata*, and Debtors reserves all rights under applicable federal and state law with regard to those issues, including rights under 11 U.S.C. § 524(i).  Debtors specifically reserves all rights under 11 U.S.C. §

**PAGE 3**

524(i), including the right to ensure that all postpetiton mortgage payments be applied and credited to Debtor's mortgage account as if the account were current and no prepetition default existed.

10. <u>PREVIOUS BANKRUPTCIES, AND DISCHARGE:</u> (Check one)

☐ Debtors is not eligible for a discharge of debts because the debtors has previously received a discharge described in 11 U.S.C. § 1328(f).

■ Under penalty of perjury, Debtors declares the they have not received a discharge in a previous bankruptcy case that would cause them to be ineligible to receive a discharge in the above-entitled case under 11 U.S.C. § 1328(f).

11. <u>INCOME TAX REFUNDS</u>: (Check one)

☐ Debtors projects no income tax refunds during the term of this Plan. As a result, no income tax refunds will be turned over to the Trustee.

■ Debtors projects income tax refunds during the term of this Plan. During the applicable commitment period of the Plan, as defined in 11 U.S.C. § 1325(b)(4), Debtors will turn over to the Trustee all net income tax refunds.

☐ Debtors projects income tax refunds during the term of this Plan, and such tax refunds are included in the Debtor's budget.

DATED this 3rd day of June, 2014.


/s/Gertrude A. Eliason
GERTRUDE A. ELIASON


## CERTIFICATE OF SERVICE

I, the undersigned, Phillip R. Oliver, do hereby certify under penalty of perjury that a copy of the within and foregoing Amended Chapter 13 Dated June 3, 2014, was sent via ECF to:

| | |
|---|---|
| Robert Drummond, Chapter 13 Trustee | Neal Jensen |
| PO Box 1829 | U.S. Bankruptcy Trustee |
| Great Falls, Montana 59403 | PO Box 3509 |
| | Great Falls, MT 59403 |

I, the undersigned, Phillip R. Oliver, do hereby certify under penalty of perjury that a copy of the within and foregoing Amended Chapter 13 Plan Dated June 3, 2014 was sent by placing first class postage prepaid on the 3rd day of June, 2014 at Billings, Montana, and directed to the following:

Gertrude Ann Eliason  
1100 4th Avenue S, Apt. 107  
Glasgow, MT 59230  

US Bank  
PO Box 1800  
Saint Paul, MN 55101  

Montana Department of Revenue  
Kim Davis, Bankruptcy Specialist  
PO Box 7701  
Helena, MT 59604-7701  

Valley County Treasurer  
501 Court Square, Ste 3  
Glasgow, MT 59230-2405  

IRS  
PO Box 7346  
Philadelphia, PA 19101-7346  

Bank of America, NA  
2380 Performance Dr. TX2-984-0407  
Richardson, TX 75082  

Discover Card Services  
PO Box 15316  
Wilmington, DE 19850-5316  

OLIVER LAW FIRM

By: /s/Phillip R. Oliver  
Phillip R. Oliver  
Attorney for Debtor

**PAGE 5**